IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23CR3100 |
| vs. | |
| TIFFANY ALICE WOLFE, | ORDER |
| Defendant. | |

Defendant has moved for pretrial release, (Filing Nos. 21 and 22), and for a continuance of her pretrial motion deadline. (Filing No. 23).

As to the pretrial release motion, the court has granted Defendant's motion for release in the related case, 4:16-cr-03009-JMG-CRZ.

Defendant has moved to continue the pretrial motion deadline, (Filing No. 23), because Defendant and defense counsel need additional time to fully review the discovery. The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds the motion should be granted. Accordingly,

IT IS ORDERED:

1) Defendant's motion for release, (Filing No. 21), is granted, and Defendant is released to attend drug treatment at NOVA subject to the conditions of supervised release imposed at the time of her sentencing in 4:16-cr-03009-JMG-CRZ.

2) Defendant's motion for release, (Filing No. 22), is denied as moot.

3) Defendant's motion to continue the pretrial motion deadline, (Filing No. 23), is granted.

4) Pretrial motions and briefs shall be filed on or before November 28, 2023.

5) The conference call previously scheduled to be held on October 30, 2023, is continued. A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:00 a.m. on December 5, 2023 to discuss setting any pretrial motion hearing needed, a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

6) The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and December 5, 2023 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 18th day of October, 2023.

                BY THE COURT:

                *s/ Cheryl R. Zwart*
                United States Magistrate Judge